J-S15045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NATHANIEL GARFIELD | |
| Appellant | No. 1105 MDA 2014 |

Appeal from the Judgment of Sentence May 30, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000763-2013

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MARCH 23, 2015**

Appellant Nathaniel Garfield appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas following his jury trial convictions for statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors.[1]  Appellant also challenges the trial court's decision to designate him as a sexually violent predator ("SVP"). After careful review, we affirm in part, vacate in part, and remand for re-sentencing.

The trial court sets forth the relevant facts and procedural history of this appeal as follows:

---

[1] 18 Pa.C.S. §§ 3122.1(a)(2), 3123(a)(7), 3125(a)(8), 3126(a)(8), 6318(a)(1), and 6301(a)(1)(ii), respectively.

On December 5, 2012, [Appellant] was arrested and charged with eleven (11) criminal offenses based on allegations of improper sexual activity committed upon a minor child. After the preliminary hearing, the following charges were bound over for court: Count 1 – statutory sexual assault: 8-11 years of age, count 2 – involuntary deviate sexual intercourse – person less than 16 years of age, Count 3 – aggravated indecent assault, Count 4 – indecent assault of person less than 16 years of age, count 5 – unlawful contact with a minor, count 6 – corruption of minors – defendant age 18 or above.

A jury trial was held on January 14-16, 2014, at which time Appellant was found guilty on all counts. This court ordered that an assessment be completed by the Sexual Offenders Assessment Board [("SOAB")] prior to sentencing. A pre-sentence investigation report was also prepared. On March 27, 2014, the Commonwealth filed a praecipe providing notice of its intent to have [Appellant] classified as [an SVP] pursuant to 42 Pa.C.S. § 9795.4. An SVP hearing was held on May 30, 2014, to determine the issue of Appellant's classification and for imposition of sentence. Appellant was sentenced as follows:

Count 1 – incarceration in a state correctional institution for a term of not less than 21 months nor more than 42 months, a fine of $500 and payment of the costs of prosecution;

Count 2 – incarceration in a state correctional institution for a term of not less than 120 months nor more than 240 months, a fine of $1000 and payment of the costs of prosecution running concurrent with Count 1;

Count 3 – incarceration in a state correctional institution for a term of not less than 36 months nor more than 72 months, a fine of $500 and payment of the costs of prosecution running consecutive to Count 2;

Count 4 – incarceration in a state correctional institution for a term of not less than 12 months nor

more than 24 months, a fine of $100 and payment of the costs of prosecution running concurrent to Count 1;

Count 5 – incarceration in a state correctional institution for a term of not less than 66 months nor more than 132 months, a fine of $500 and payment of the costs of prosecution running concurrent to Count 2;

Count 6 – incarceration in a state correctional institution for a term of not less than 12 months nor more than 24 months, a fine of $100 and payment of the costs of prosecution running concurrent to Count 2.

Applicable time credit was also granted.

Trial Court Opinion, filed December 3, 2014 (footnotes and unnecessary capitalization omitted).

On June 9, 2014, Appellant filed a post-sentence motion, which the court denied on June 11, 2014. On July 3, 2014, Appellant filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied.[2]

Appellant raises the following issues on appeal:

> I. WHETHER THE TRIAL COURT ILLEGALLY SENTENCED APPELLANT TO A MANDATORY MINIMUM SENTENCE OF TEN (10) YEARS' IMPRISONMENT FOR INDECENT ASSAULT

---

[2] On July 21, 2014, Appellant filed a petition to extend the time to file a Pa.R.A.P. 1925(b) statement, which the court granted. Appellant filed his concise statement on September 3, 2014.

OF A CHILD UNDER SIXTEEN YEARS PURSUANT TO 42 [PA.C.S. §] 9718(A)(1) WHERE THE STATUTE AT ISSUE - 42 [PA.C.S. §] 9718 - IS UNCONSTITUTIONAL AS A WHOLE SINCE IT VIOLATES APPELLANT'S RIGHT TO A JURY TRIAL UNDER ARTICLE I, SECTION IX OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION?[3]

II. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST[-]SENTENCE MOTION WHERE THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK ONE'S SENSE OF JUSTICE DUE TO THE VICTIM'S INCONSISTENT, CONTRADICTORY, AND UNRELIABLE TESTIMONY?

III. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST[-]SENTENCE MOTION WHERE APPELLANT'S [SVP] DESIGNATION WAS AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK ONE'S SENSE OF JUSTICE WHERE DR. STEIN'S OPINION WAS MANIFESTLY UNREASONABLE AND CONSTITUTED A MISAPPLICATION OF THE LAW?

IV. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST[-]SENTENCE MOTION WHERE APPELLANT'S SENTENCE WAS EXCESSIVE AND UNREASONABLE AND CONSTITUTES TOO SEVERE A PUNISHMENT IN LIGHT OF APPELLANT'S NON-VIOLENT CRIMINAL HISTORY AND LIMITED INTELLECTUAL ABILITY WITH POSSIBLE MENTAL HEALTH ISSUES THAT HAVE NOT BEEN PROPERLY ADDRESSED PRIOR TO HIS CURRENT INCARCERATION, AND WHERE THE PUNITIVE MEASURES INHERENT IN THE SENTENCING SCHEME COULD HAVE BEEN ACCOMPLISHED BY THE IMPOSITION OF A LESSER SENTENCE?

---

[3] Although Appellant did not properly raise this issue in this Pa.R.A.P. 1925(b) statement, challenges to the legality of a sentence on direct appeal cannot be waived. *See Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa.Super.2012), *appeal denied*, 53 A.3d 756 (Pa.2012).

Appellant's Brief at 6-7.

In his first issue, Appellant argues his sentence under section 9718 is unconstitutional because it requires the court to impose a mandatory minimum sentence based upon proof by a preponderance of the evidence. Appellant requests this Court to remand this matter for resentencing without consideration of any mandatory minimum sentence. We agree.

Our standard of review regarding the imposition of a mandatory sentence is as follows:

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

***Hawkins, supra.*** at 1130.

The Sentencing Code provides, in relevant part:

> **§ 9718. Sentences for offenses against infant persons**
>
> **(a) Mandatory sentence.--**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)--not less than two years.
>
> 18 Pa.C.S. § 3121(a)(1), (2), (3), (4) and (5) (relating to rape)--not less than ten years.

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.

18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)--not less than five years.

\* \* \*

**(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718.

In ***Alleyne v. United States***, \_\_ U.S. \_\_, 133 S.Ct 2151, 186 L.Ed 2d 341 (2013), the Supreme Court of the United States held that the Due Process Clause of the Federal Constitution requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. ***Id.***, 133 S.Ct., at 2163. Based upon ***Alleyne***, this Court stated in dicta in ***Commonwealth v. Watley***, that sections 7508 and 9712.1 of the sentencing code are unconstitutional insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard for factors other than a prior conviction. ***Watley***, 81 A.3d 108, 117 n. 4 (Pa.Super.2013) (*en banc*), *appeal denied*, 95 A.3d 277.

In **Commonwealth v. Newman**, following our dicta in **Watley**, we held that the preponderance of the evidence standard in section 9712.1(c) is unconstitutional under **Alleyne**. **Newman**, 99 A.3d 86 (Pa.Super.2014) (*en banc*). We then addressed whether it was possible to continue enforcing the remaining subsections of section 9712.1 after severing subsection (c). We held that section 9712.1, as a whole, was no longer workable, because subsection (c) was "essentially and inseparably connected" with the mandatory minimum sentencing provision in subsection (a). **Id.** at 101. We cited several trial court opinions on this subject, most notably the following analysis by the Montgomery County Court of Common Pleas:

> While the Commonwealth clearly is correct that unconstitutional provisions of a statute may be severed in order to effectuate the legislature's intent in enacting that statute, the undersigned believes that this simply is not possible in the instant situation, where the constitutional and unconstitutional provisions of the mandatory minimum statutes are inextricably interwoven. In order to effectuate the legislature's intent for the imposition of mandatory minimum sentences, the Commonwealth would have us ignore the legislature's clear intent: that the factors triggering such sentences be found by a judge and not a jury; that the defendant need not be informed of the applicability of the mandatory sentence prior to sentencing; and that the applicable standard be one of preponderance of the evidence. The undersigned believes it is for the legislature, and not this court, to make such determinations. Further, and crucially, rather than asking this court simply to 'sever' unconstitutional provisions within the statutes, the Commonwealth is essentially asking this court to *rewrite* them, by imposing different burdens of proof and notification than the legislature imposed.

*Id*. at 103 (citing **Commonwealth v. Brockington, et al.** (CCP Montgomery Cty., March 21, 2014)). Accordingly, we vacated the defendant's judgment of sentence and remanded for re-sentencing "without consideration of any mandatory minimum sentence provided by section 9712.1." **Id.** at 103.

More recently, and after the trial court issued its Pa.R.A.P. 1925(a) opinion in the present case, this Court specifically analyzed 42 Pa.C.S. § 9718 in **Commonwealth v. Wolfe**, ___ A.3d ___ (Pa.Super., Dec. 24, 2014). We recognized that section 9718 contained the same format as section 9712.1, the statute struck down as unconstitutional in **Newman**. *Id.* at *5. We therefore determined that section 9718 was unconstitutional, vacated the judgment of sentence, and remanded the case for re-sentencing without application of the section 9718 mandatory minimum. **Id.** at *6. Pursuant to **Wolfe**, because the trial court sentenced Appellant under the unconstitutional provision of section 9718, we must vacate Appellant's judgment of sentence and remand for re-sentencing without application of section 9718.[4]

In his second issue, Appellant argues the jury's verdict was against the weight of the evidence. He claims the victim made inconsistent,

---

[4] Our determination of this issue moots Appellant's fourth claim concerning the discretionary aspects of his sentence. Therefore, we will not address this claim.

- 8 -

contradictory and unreliable accusations, first by writing to her mother that Appellant only engaged in anal, not vaginal, sex with her during the first incident, and then by telling the Children's Resource Center that Appellant had engaged in vaginal, not anal, sex with her during the same incident. Appellant avers the discrepancies in the victim's allegations rendered her testimony so incredible that the verdict was contrary to the evidence such that it would shock one's sense of justice. We disagree.

We review challenges to the weight of the evidence as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 741 A.2d 666, 672–73 (Pa.1999) [*cert. denied*, 121 S.Ct. 80, 148 L.Ed.2d 42 (U.S.2000)]. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa.2012) (some internal citations omitted).

"One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). A

trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id.* Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. *Id.* A weight of the evidence claim concedes that the Commonwealth introduced sufficient evidence. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa.Super.2006), *appeal denied*, 911 A.2d 933 (Pa.2006).

Here, the jury had the opportunity to assess the credibility of the witnesses and consider all of the evidence. The jury heard testimony from the victim, her mother, and a Children and Youth caseworker who worked on the victim's case. Appellant had ample opportunity to cross-examine the child victim, and exercised his right to do so. *See* N.T., 1/14/14, pp. 97-118. Following consideration of all the evidence, the jury found Appellant guilty on all counts. The verdict was not so contrary to the evidence as to shock one's sense of justice. The trial court properly exercised its discretion in denying Appellant's challenge to the weight of the evidence. *See Devine, supra.*

In his third issue, Appellant argues his SVP designation was against the weight of the evidence. He complains the trial court should not have

believed Dr. Robert Stein, the licensed psychologist from the SOAB who opined Appellant was an SVP. Appellant avers Dr. Stein had no research to support his diagnosis and even admitted that Appellant's prior criminal record did not specifically increase his risk of recidivism. He complains Dr. Stein's diagnosis of other specified paraphilic disorder non-consent did not apply to Appellant, because this designation is reserved for those whose sexual satisfaction is derived from the victim's screaming, fighting, and resisting. Appellant suggests the trial court should have believed Appellant's expert, Dr. Timothy Foley, who testified that Appellant had a low risk of reoffending. We disagree.

In **Commonwealth v. Prendes**, this Court observed:

> "To deem an individual [an SVP], the Commonwealth must first show [the individual] 'has been convicted of a sexually violent offense as set forth in [section 9799.14]....'" **Commonwealth v. Askew**, 907 A.2d 624, 629 (Pa.Super.2006), *appeal denied*, 919 A.2d 954 (Pa.2007). **See also** 42 [Pa.C.S.] § 9799.12. "Secondly, the Commonwealth must show that the individual has 'a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses.'" **Askew, supra.** When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's status as an SVP. **Commonwealth v. Kopicz**, 840 A.2d 342, 351 (Pa.Super.2003).
>
> An SVP assessment is not a trial or a separate criminal proceeding that subjects the defendant to additional punishment. **Commonwealth v. Howe**, 842 A.2d 436, 445–46 (Pa.Super.2004). SVP status, therefore, does not require proof beyond a reasonable doubt; the court decides SVP status upon a show of clear and convincing evidence that the offender is, in fact, an SVP.

> *Commonwealth v. Killinger*, 888 A.2d 592, 600 ([Pa.]2005).

> \* \* \*

> Pa.R.E. 702 states that an expert may testify in the form of an "opinion or otherwise." Much of the literature assumes that experts testify only in the form of an opinion. The language "or otherwise" reflects the fact that experts frequently are called upon to educate the trier of fact about the scientific or technical principles relevant to the case.

> \* \* \*

> "With regard to the various assessment factors..., there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation." *Commonwealth v. Brooks*, 7 A.3d 852, 863 (Pa.Super. 2010), *appeal denied*, 21 A.3d 1189 ([Pa.]2011). Thus, "[t]he Commonwealth does not have to show that any certain factor is present or absent in a particular case." *Id.* Moreover, "the absence of an interview does not preclude the ability to evaluate the offender's behavior through available history for characteristics similar or dissimilar to the criteria set forth in the law for defining a sexually violent predator." *Commonwealth v. Woods*, 909 A.2d 372, 381 (Pa.Super.2006), *appeal denied,* 919 A.2d 957 ([Pa.]2007). Likewise, "to carry its burden of proving that an offender is an SVP, the Commonwealth is not obliged to provide a clinical diagnosis by a licensed psychiatrist or psychologist..." *Commonwealth v. Conklin*, 897 A.2d 1168, 1178 ([Pa.]2006). Additionally, the statute requires all state, county, and local agencies, offices or entities to provide copies of records and information as requested by the SOAB in connection with an SVP assessment. 42 [Pa.C.S.] § 9799.24(c). Importantly, the primary purpose of the registration requirements is to help ensure the safety of the public, not to punish the offender. *Commonwealth v. Carter*, 821 A.2d 601, 606 (Pa.Super.2003) (holding SOAB expert can review

confidential psychiatric examinations performed when defendant was juvenile to make SVP assessment).

***Prendes,*** 97 A.3d 337, 358-59 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014).

Instantly, Appellant stipulated that Dr. Stein, a licensed psychologist working with the SOAB, was qualified to testify as an expert in the assessment of sexual offenders. N.T., 8/14/14, at 5. Dr. Stein testified that he reviewed each of the fifteen statutory factors, diagnosed Appellant with paraphilic disorder non-consent and opined that Appellant should be classified as an SVP. ***Id.*** at 8-12, 13, 22.

Because Appellant challenges the weight and not the sufficiency of the evidence, he concedes that sufficient evidence supports the trial court's finding that Appellant is an SVP. ***See Charlton, supra.*** The trial court had the opportunity to hear Dr. Stein's testimony along with the testimony of Appellant's expert, Dr. Foley. After reviewing the evidence, the court determined that Appellant was an SVP. The determination was not so contrary to the evidence as to shock one's sense of justice. The trial court properly exercised its discretion in denying Appellant's challenge to the weight of the evidence on this claim. ***See Devine, supra.***

In summary, we conclude that Appellant's weight of the evidence claims as to the verdict and his SVP classification lack merit. However, because we have determined that section 9718 is unconstitutional, we must

vacate Appellant's judgment of sentence and remand for re-sentencing without application of section 9718.

Convictions and SVP classification affirmed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2015